IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


FALASHA ALI,

      Petitioner,

      v.                           CASE NO.  16-3258-JWL

NICOLE ENGLISH, Warden,
USP-Leavenworth,

      Respondent.


MEMORANDUM AND ORDER

      This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth ("USPL"), proceeds *pro se*. Petitioner challenges the Inmate Financial Responsibility Program ("IFRP").  The Court issued an Order to Show Cause, Respondent filed an Answer and Return (Doc. 3), and Petitioner filed a Traverse (Doc. 4).  This matter is ready for resolution.  The Court finds that Petitioner does not allege facts establishing a federal constitutional violation and denies relief.

I.  Background

      Plaintiff is currently incarcerated with the Federal Bureau of Prisons ("BOP") at USPL. On October 2, 2008, Petitioner was sentenced in the U. S. District Court for the District of Nevada, and is serving a 160-month sentence for one count of Bank Robbery and three counts of Armed Bank Robbery, and an 84-month sentence for Use of a Firearm During a Crime of Violence.  Petitioner has a projected release date of February 22, 2024, via good conduct time.

      Petitioner alleges as Ground One in his Petition that the BOP's requirement that he sign a

contract agreeing to make IFRP payments violates the Mandatory Victims Restitution Act of 1996; and that the BOP lacks authority to require Petitioner to make restitution payments through IFRP or to punish Petitioner for electing not to participate in the "voluntary" program. Petitioner's request for relief asks the Court to order BOP at USPL to remove him and similarly-situated inmates from "restriction" and "FRP Refusal Status."

## II.  Facts

The Court finds the following uncontroverted facts from the pleadings and exhibits of both parties.

Petitioner's October 2, 2008, federal Judgment and Commitment Order ("J&C") specifies that Petitioner pay the following criminal monetary penalties:  $500.00 assessment; $20,326.95 restitution.  (Doc. 3–2, at 36.)  The J&C indicates restitution is due immediately, and further states:

> Any remaining balance due at the time of release shall be paid at a monthly rate of 10% of gross income, subject to adjustment based on ability to pay . . .  Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

*Id.* at 37.  Because the J&C does not have a specific payment amount or percentage set forth by the court, the BOP has utilized its formula through the IFRP to assist Petitioner in repaying his restitution debt.  Petitioner's last payment towards his financial obligations was on September 12, 2013.  *Id.* at 39.

Petitioner's IFRP status during his incarceration with the BOP has included Unassigned, Participates, No Obligation, and Refuses.  Petitioner was placed on "No Obligation" status while

housed at the Federal Correctional Complex Victorville, in Adelanto, California, based on procedures implemented after litigation occurring in the Ninth Circuit.

Upon his arrival at USPL, Petitioner's unit team reviewed Petitioner's financial obligations and developed a financial plan in accordance with BOP policy.  On or about December 5, 2016, Petitioner met with Mr. Booth, his Correctional Counselor, at USPL.  During this initial meeting, Petitioner informed Booth that his security points were inaccurate and gave Booth a BP-8 challenging his inaccurate points.  Booth gave Petitioner an IFRP contract and told him to sign it.  Petitioner refused to sign it, and Booth told Petitioner to leave his office. Petitioner was then placed on "restriction" and IFRP "Refusal" status.

## III. Discussion

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). Generally, a federal prisoner must exhaust available administrative remedies before commencing a habeas corpus petition under 28 U.S.C. § 2241.  *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542.

Petitioner admits that he did not exhaust his administrative remedies, but claims it would be futile in light of the existence of official BOP policy in relation to the IFRP.  Because "a court may deny an application on the merits without reviewing the exhaustion question," the Court will address the merits of the petition.  *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008) (citing *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)).

The purpose of the IFRP is to "encourage[ ] each sentenced inmate to meet his or her legitimate financial obligations."  28 C.F.R. § 545.10; *see also* § 545.11(a) (financial obligations

include a fine, an order for restitution, and/or a special assessment imposed as part of a criminal judgment).  Under the program, prison staff assists an inmate in developing a financial plan to meet those obligations, and monitors the inmate's progress under the plan.  *Id.* § 545.11.  The BOP sets payment amounts based on the inmate's financial profile, including the inmate's specific obligations, institution resources, and community resources.  *Id.* § 545.11(b).  An inmate is responsible for maintaining progress in fulfilling the financial obligations of the plan.  *Id.*

Participation in the IFRP is voluntary, and inmates who properly participate in the program are placed on "Participates" status.  Inmates who have no documented financial obligation or no financial obligation payable while in BOP custody, are classified as "No Obligation."  When inmates are initially committed to federal custody, they are placed on "Unassigned" status.

Inmates declining to participate in IFRP, or to comply with a financial plan created pursuant to it, will be placed on "Refuses" status and will lose certain privileges.  *Id.* § 545.11(d).  The loss of privileges resulting from an inmate's refusal to participate in the IFRP include: (1) notification to the Parole Commission; denial of furlough; denial of performance pay above the maintenance pay level, bonus pay, or vacation pay; denial of certain work and UNICOR assignments; restrictions on monthly commissary spending; denial of certain housing assignments; denial of community-based program placement; denial of release gratuity; and, denial of incentives for participation in residential drug treatment programs. *Id.* § 545.11(d)(1)–(11).

Petitioner alleges in his Petition that the BOP's requirement that he sign a contract agreeing to make IFRP payments violates the Mandatory Victims Restitution Act of 1996.  *See* 18 U.S.C. §§ 3663A–3664.  To the extent that Petitioner is arguing that 18 U.S.C. § 3664

prevents the sentencing court from delegating restitution scheduling authority to the BOP, such a claim implicates the validity of his sentence and must be brought pursuant to a 28 U.S.C. § 2255 petition filed in the district court that sentenced him.  *See Wallette v. Wilner*, 321 F. App'x 735, 738 (10th Cir. 2009) (unpublished) (citing *Bradshaw v. Story,* 86 F.3d 164, 166–67 (10th Cir. 1996) (holding a petitioner under § 2241 attacks the execution of a sentence, while a § 2255 petition attacks the validity of a judgment and sentence); *see also Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (dismissing a delegation claim brought under § 2241)).

Petitioner states that he "does not challenge the constitutionality of the BOP's 'IFRP scheme.'"  (Doc. 1, at 8.)  In fact, the Tenth Circuit has upheld the BOP's authority to establish and operate the IFRP.  *Davis v. Wiley*, 260 F. App'x 66, 68–69 (10th Cir. 2008) (unpublished) (noting that "[e]very court to consider a challenge to the IFRP's constitutionality has upheld it" and holding that "BOP is thus within its constitutional authority to establish and enforce payment amounts Davis must make towards the court-ordered special assessment and restitution").[1]

Rather, Petitioner argues that the IFRP is not truly "voluntary" because of the consequences for refusal to participate.  Petitioner contends that the BOP has adopted an unfair and deceptive practice by not allowing federal inmates a proper resolution to refuse to participate in the voluntary IFRP without risking sanction, hardship and punishment.  Petitioner argues that the BOP scheme amounts to a strong-arm tactic and an adhesion contract.

The Tenth Circuit further recognized in *Davis* that while refusal to participate in the IFRP may have punitive consequences, *see* 28 C.F.R. § 545.11(d), none of the benefits which may be denied are constitutionally guaranteed.  *Davis,* 260 F. App'x at 69 (citing *James v. Quinlan,* 866 F.2d 627, 629–30 (3d Cir. 1989) (inmates do not possess a liberty interest in prison job

---

[1] Although *Davis* is an unpublished decision and may not be relied on as precedent, it is factually on all fours with Petitioner's allegations, and therefore is persuasive in disposing of the instant action.  *See* 10th Cir. R. 32.1; Fed. R. App. P. 32.1.

assignments)); *see also Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) ("The Constitution does not create a property or liberty interest in prison employment."); *Muhammad v. Moore,* 760 F. Supp. 869, (D. Kan. 1991) ("The IFRP clearly serves valid penological interests of rehabilitation, and the requirement that an inmate choose between participation in the program or risk significant reduction in his employment or income potential does not violate constitutional rights.") (citations omitted). Mere inducements—such as the BOP's threat to alter a petitioner's place of confinement—without more, "do[ ] not infringe on a prisoner's protected liberty interest." *Dunn v. White*, 880 F.2d 1188, 1198 (10th Cir. 1989) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454 (1989)); *see also Bradshaw v. Nafziger*, No. 07-cv-02422-MSK-BNB, 2011 WL 863548, at *4 (D. Colo. March 10, 2011) (finding that placement on "refusal" status does not implicate any constitutionally-protected liberty interest and upholding decision finding that it did not amount to cruel and unusual punishment under the Eighth Amendment), *aff'd sub nom. Bradshaw v. Lappin,* 484 F. App'x 217 (10th Cir. 2012).

Petitioner has failed to show that the consequences for his refusal to participate in the IFRP implicate constitutional guarantees or that he was functionally coerced into entering the IFRP. *See Duronio v. Werlinger,* 454 F. App'x 71, 73 n. 4 (3d Cir. 2011) ("Throughout, Duronio has maintained that he was functionally 'coerced' into entering the IFRP program. As we have explained, however, the penalties associated with 'IFRP refuse' status are 'reasonably related to legitimate penological interests.' . . . To that end, we cannot find that he was coerced into IFRP compliance.") (citations omitted); *United States v. Neal,* 207 F. App'x 700, 702 (7th Cir. 2006) ("Neal did not have to let the BOP manage the payment of his financial penalties. . . . Had he chosen not to, however, he might be delinquent on the obligations imposed by his

sentence and would be subject to deprivation of certain privileges as a result. . . .  That does not amount to coercion or make his contract with the BOP illegal.") (citations omitted).

      **IT IS THEREFORE ORDERED BY THE COURT** that this petition for writ of habeas corpus is **denied**.

      **IT IS SO ORDERED**.

      **Dated in Kansas City, Kansas, on this 15th day of March, 2017.**

                        **s/ John W. Lungstrum**
                        **JOHN W. LUNGSTRUM**
                        **UNITED STATES DISTRICT JUDGE**